```
UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------X
ISRAEL BORNSTEIN,as ADMINISTRATOR OF THE      CV DOCKET #
ESTATE of AMIT BORNSTEIN and ISRAEL           3:11-cv-05336-PGS-DEA
BORNSTEIN, individually
                                                  AMENDED
                                              VERIFIED COMPLAINT

                    Plaintiff,                TRIAL BY JURY
         -against-                              DEMANDED
COUNTY OF MONMOUTH, MONMOUTH COUNTY
SHERIFF'S OFFICE, MONMOUTH COUNTY
CORRECTIONAL INSTITUTION,LT.THOMAS
BOLLARO, SGT.KENNETH NOLAND,OFC.
TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.
TIMOTHY HUDDY,OFC.DANIEL HANSSSON,
OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,
OFC. STEVEN YOUNG,OFC. GEORGE THEIS,
OFC. DONALD BENNETT,OFC.CHRISTOPHER
PINEY,OFC.BERNARD FISHER,OFC. SARA
M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO
HAFNER, OFC. DAVID MILLARD, JOHN DOES
1-10 and CORRECT CARE SOLUTIONS LLC,
                    Defendants.
-----------------------------------------X
```

Plaintiffs, by Michael N. David, their attorney, complaining of the defendants herein, allege and respectfully show to this Court, upon information and belief:

**JURISDICTION and PARTIES**

1. This action is brought pursuant to 42 U.S.C. Section 1983 and in accordance with the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States of America. Jurisdiction is conferred under 28 U.S.C. Section 1331 and Section 1343(3).

2. Plaintiff Israel Bornstein ,individually and as the Administrator of the Estate of Amit Bornstein residing at 71 Browning Terrace, Old Bridge, New Jersey 07728,County

of Monmouth, is and was, at all times herein relevant, a citizen of the United States and a resident of the State of New Jersey.

    3. Defendants OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEOHAFNER, OFC. DAVID MILLARD and JOHN DOES 1-10, were at all times mentioned herein duly appointed and acting correction officers of the defendant MONMOUTH COUNTY SHERIFF'S OFFICE and/or defendant MONMOUTH COUNTY CORRECTIONAL INSTITUTION and at all times herein were acting in such capacities as the agents, servants and/or employees of the the defendant MONMOUTH COUNTY SHERIFF'S OFFICE and/or defendant MONMOUTH COUNTY CORRECTIONAL INSTITUTION and were acting under the color of law.

    4. Defendants LT.THOMAS BOLLARO and SGT.KENNETH NOLAND were acting in supervisory capacities over Defendants OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEOHAFNER, OFC. DAVID MILLARD, John Does 1-10 and responsible by law for the training, supervision and conduct of same.

5. Defendants COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION are duly designated governmental entities of the state of New Jersey under the laws of the state of New Jersey.

6. At all times relevant hereto, Defendants COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION employed the aforementioned Defendants. As such, it was responsible for the training, supervision and conduct of Defendants LT.THOMAS BOLLARO , SGT.KENNETH NOLAND OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10.

7. Defendant CORRECT CARE SOLUTIONS LLC provided medical treatment for the inmates at the defendant MONMOUTH COUNTY CORRECTIONAL INSTITUTION.

## FACTUAL ALLEGATIONS

8. That on or about July 29, 2010 at or about 4 p.m. Plaintiff's decedent AMIT BORNSTEIN was arrested and brought to the defendant MONMOUTH COUNTY CORRECTIONAL INSTITUTION located at 1 Waterworks Road, Freehold, New Jersey.

9. That while in the custody and care of the defendants without just cause or provocation the aforesaid defendants OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10. assaulted and battered the plaintiff's decedent resulting in his death.

## EXCESSIVE FORCE
## COUNT ONE

10. The previous paragraphs are incorporated herein inclusively as if fully set forth.

11. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10 committed under color of state law, Plaintiff's decedent sustained bodily harm resulting in his death and was deprived of his rights to be secure in his person against unreasonable seizure of his person, in violation of the Fourth, Eighth

and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

12. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff's decedent suffered severe bodily injuries, from the incident until his death, and caused to experience excruciating conscious pain and suffering.

13. By reason of the above Plaintiff's decedent was injured, suffered great mental anguish, was deprived of his constitutional rights as described above and caused to die.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on this Count together with punitive damages, attorney's fees,interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## WRONGFUL DEATH
## COUNT TWO

14. The previous paragraphs are incorporated herein inclusively as if fully set forth.

15. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff by Defendants OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD

FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10 committed under color of state law, Plaintiff's decedent sustained bodily harm resulting in his death and was deprived of his rights to be secure in his person against unreasonable seizure of his person, in violation of the Fourth, Eighth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

16. As a direct and proximate cause of the malicious and outrageous conduct of Defendants as set forth above, causing fatal injuries sustained by the decedent, the Estate of AMIT BORNSTEIN, has incurred medical, hospital and funeral expenses, pecuniary loss and loss of consortium.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on this Count together with punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## UNLAWFUL CUSTOM, PRACTICE, POLICY/INADEQUATE TRAINING
### COUNT THREE

17. The previous paragraphs are incorporated herein inclusively as if fully set forth.

18. Defendants are vested by state law with the authority to make policy on the use of force and the handling and/or supervision of prison inmates.

19. At all times mentioned herein, Defendants LT.THOMAS BOLLARO,SGT.KENNETH NOLAND, OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10 , as correction officers, agents, servants and/or employees of Defendants COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION were acting under the direction and control of said Defendants and were acting pursuant to the official policy, practice or custom of said defendants.

20. Acting under color of law pursuant to official policy, practice, or custom, the Defendants COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline, on a continuing basis, Defendants LT.THOMAS BOLLARO,SGT.KENNETH NOLAND, OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID

MILLARD and John Does 1-10 in their duties to refrain from:(1) unlawfully and maliciously assaulting and battering prison inmates and/or using unreasonable and excessive force.

21. Defendants COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION were aware of numerous similar prison encounters involving Defendants LT.THOMAS BOLLARO,SGT.KENNETH NOLAND, OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10  and/or other Correction Officers whereby they customarily and frequently subjected prisoners held in custody to physical and mental abuse; unlawfully and maliciously assaulted and battered prisoners; and/or used unreasonable and excessive force on prisoners.

22. Despite their awareness, Defendants COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION failed to employ any type of corrective or disciplinary measures against Defendants LT.THOMAS BOLLARO,SGT.KENNETH NOLAND, OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC.

GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10 or other Correction Officers.

23. Defendants had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants LT.THOMAS BOLLARO,SGT.KENNETH NOLAND, OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

24. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

25. Defendants COUNTY OF MONMOUTH, MONMOUTH COUNTY SHERIFF'S OFFICE and MONMOUTH COUNTY CORRECTIONAL INSTITUTION directly or indirectly, under color of state law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton

conduct of Defendants LT.THOMAS BOLLARO,SGT.KENNETH NOLAND, OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10  heretofore described.

26. As a direct and proximate result of the acts of Defendants as set forth herein, Plaintiff's decedent suffered severe bodily injuries, from the incident until his death, and caused to experience excruciating conscious pain and suffering in connection with the deprivation of his constitutional rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff demands judgment against Defendants  on this Count together with attorney's fees, punitive damages interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

### SUPERVISORY LIABILITY
### COUNT FOUR

27. The previous paragraphs are incorporated herein inclusively as if fully set forth.

28. Defendants LT.THOMAS BOLLARO and SGT.KENNETH NOLAND, were supervisory officials and/or officers in charge at the

time Plaintiff was assaulted and battered.

29. Defendants LT.THOMAS BOLLARO and SGT.KENNETH NOLAND, had a duty to prevent the subordinate officers from violating the constitutional rights of prisoners.

30. Defendants LT.THOMAS BOLLARO and SGT.KENNETH NOLAND, either directed Defendants OFC.TRACEY TIFT,OFC, THOMAS RICCHIUTI,OFC.TIMOTHY HUDDY,OFC.DANIEL HANSSSON,OFC. RAYMOND PAUL,OFC. RICK LOMBARDO,OFC. STEVEN YOUNG,OFC. GEORGE THEIS,OFC. DONALD BENNETT,OFC.CHRISTOPHER PINEY,OFC.BERNARD FISHER,OFC. SARA M. STURT,OFC. JAMIELYN ROOSBACK,OFC.LEO HAFNER, OFC. DAVID MILLARD and John Does 1-10 to violate Plaintiff's decedents constitutional rights or had knowledge of and acquiesced in his/their subordinates violations.

31. As a direct and proximate result of the acts of Defendants as set forth herein, Plaintiff's decedent suffered severe bodily injuries, from the incident until his death, and caused to experience excruciating conscious pain and suffering in connection with the deprivation of his constitutional rights guaranteed by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and protected by 42 U.S.C. Section 1983.

**WHEREFORE**, Plaintiff demands judgment against the Defendants on this Count together with punitive damages, attorney's fees, interest and costs of suit incurred, and for any such

further relief as the court deems proper and just.

## CORRECT CARE SOLUTIONS LLC LIABILITY
## COUNT FIVE

32. The previous paragraphs are incorporated herein inclusively as if fully set forth.

33. That at all times hereinafter mentioned, the defendant, CORRECT CARE SOLUTIONS LLC, was and still is a limited liability company organized and existing under the laws of the State of New Jersey, and did, and does provide medical treatment to inmates at the defendant MONMOUTH COUNTY CORRECTIONAL INSTITUTION.

34. That on or about the 29th day of July,2010 the plaintiff's decedent, AMIT BORNSTEIN, was attended to by the defendant, CORRECT CARE SOLUTIONS LLC, as physicians and/or nurses and/or health care provider to attend to, and treat and cure him of a trauma from which he was suffering.

35. The defendants, CORRECT CARE SOLUTIONS LLC , did not use reasonable or proper skill in its effort to cure plaintiff's decedent, AMIT BORNSTEIN, of such pain and suffering in that it negligently and carelessly treated the plaintiff's decedent, AMIT BORNSTEIN, failing to and delaying the performance of necessary treatment for his trauma , which caused plaintiff's decedent to pass expire.

36. Defendant undertook as physicians and/or nurses

and/or health care provider to attend and care for plaintiff's decedent, AMIT BORNSTEIN, and to use reasonable and proper skill and care to cure plaintiff's decedent of such trauma.

37. That defendants did not use reasonable or proper skill in their efforts to cure plaintiff's decedent of such ailment in that they negligently and carelessly failed to treat, attend and delayed in performing the necessary treatment causing plaintiff's decedent to sustain severe personal injury and his death on July 29, 2010.

39. The defendants through its agents, servants and/or employees were negligent as described below:

(a) In that they did not use reasonable and proper skill or care in their efforts to treat and cure plaintiff's decedent;

(b) In that they carelessly and recklessly failed to provide reasonable and proper medical care and skill, and further and proper in such circumstances; which failure and neglect thereafter caused plaintiff's decedent to become severely and permanently injured and ultimately expire;

c) In that the defendants failed to exercise the knowledge, skill and diligence which as physicians they should have possessed and exercised in plaintiff's decedent's consent to the procedure without such prior information;

(d) In that they failed to properly examine the

plaintiff's decedent to ascertain information required prior to performing such care and treatment; thus, failing to utilize the medically accepted procedure;

(e)  In that defendants used the procedure that was not medically accepted under the circumstances;

(f)  In that defendants failed to inform the plaintiff's decedent, of the risks and hazards and consequences of the procedure, thereby obtaining plaintiff's decedent's consent to the procedure without such prior information;

(g)  In that the defendants failed to perform the treatment in the accepted manner;

(h)  In that the defendants, their agents, servants and/or employees negligently failed to provide their professional care and treatment or diagnosis or to disclose to the plaintiff's decedent, such alternatives thereto and the reasonable foreseeable risks and benefits involved as a reasonable practitioner would under similar circumstances would have disclosed in a manner permitting the said plaintiff's decedent to make an intelligent evaluation; in failing to failing to advise the plaintiff's decedent of alternative treatment; in failing to advise the plaintiff's decedent of the hazards of the procedures that were performed upon him.

40. The injuries and damages to the plaintiff's decedent were caused in part by the negligence of the defendant.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on this Count together with punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## CORRECT CARE SOLUTIONS LLC LIABILITY
## COUNT SIX

41. The previous paragraphs are incorporated herein inclusively as if fully set forth.

42. That as a result of said conduct, plaintiff's decedent through no fault, want or lack of care on his part, was severely injured and caused to experience excruciating conscious pain and suffering.

**WHEREFORE,** Plaintiff demands judgment against the Defendants on this Count together with punitive damages, attorney's fees, interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

## CORRECT CARE SOLUTIONS LLC LIABILITY
## COUNT SEVEN

43. The previous paragraphs are incorporated herein inclusively as if fully set forth.

44. That the defendants, its agents, servants and/or employees negligently failed to provide the professional care and treatment or prognosis or to disclose to

plaintiff's decedents, such alternatives thereto and the reasonable foreseeable risks and benefits involved as a reasonable practitioner would under similar circumstances have disclosed in a manner permitting said plaintiff's decedent to make an intelligent evaluation; in failing to advise the plaintiff's decedents of the hazards of the delay in performing certain procedures upon AMIT BORNSTEIN.

**WHEREFORE,** Plaintiff demands judgment against Defendants on this Count together with attorney's fees, punitive damages interest and costs of suit incurred, and for any such further relief as the court deems proper and just.

                                      **Yours etc.,**

                      **S/ MICHAEL N. DAVID**
                          **Attorney for Plaintiff**
                          **82 Wall Street**
                          **New York, NY  10005**
                          **(212) 363-1997**