*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ISRAEL BORNSTEIN,

        Plaintiff,

v.

CNTY. OF MONMOUTH, et al.,

        Defendants.

Civil Action No. 11-5336 (PGS)

**OPINION**

**APPEARANCES:**

**MICHAEL N. DAVID**, Counsel for Plaintiff
82 Wall Street
New York, N.Y. 10005

**ANDREW BAYER**, Counsel for County Defendants
Gluck Walrath, LLP
428 Riverview Plaza
Trenton, N.J. 08611

**CHARLES C. KOERNIG**, Counsel for Defendant Correct Care Solutions, LLC
Stahl & DeLaurentis
10 E. Clements Bridge Road
Runnemede, NJ 08078

**SHERIDAN**, District Judge

    Plaintiff Israel Bornstein, as the administrator of the estate of Amit Bornstein, brings this 42 U.S.C. § 1983 action against Defendants Donald Bennett, Thomas Bollaro, County of Monmouth, Bernard Fisher, Leo Hafner, Daniel Hansson, Timothy Huddy, Rick Lombardo, David Millard, Monmouth County Correctional Institution, Monmouth County Sheriff's Office, Kenneth Noland, Raymond Paul, Christopher Piney, Thomas Ricchiuti, Jamielyn Roosback, Sara

M. Sturt, George Theis, Tracey Tift, Steven Young, John Does 1-10 ("County Defendants") and Correct Care Solutions LLC ("CCS") for violation of the constitutional rights of the now-deceased Amit Bornstein. This matter comes before the Court on Defendant CCS' motion to dismiss the complaint. There was no oral argument. FED.R.CIV.P. 78(b). For the reasons set forth below, Defendant CCS' motion is DENIED.

## I. BACKGROUND

The complaint alleges that Defendants are responsible for the death of Amit Bornstein, who died while incarcerated in the Monmouth County jail. Specifically, on July 29, 2010, Mr. Bornstein was arrested by Marlboro Township police officers and brought to the Monmouth County Correctional Institution. (Am. Compl. ¶ 8.) According to the allegations of the complaint, while at the jail, Mr. Bornstein was "assaulted and battered [by the County Defendants]…resulting in his death." (*Id.* at ¶ 9.) The amended complaint further alleges that CCS "did not use reasonable or proper skill in their efforts to cure plaintiff's decedent of such ailment in that they negligently and carelessly failed to treat, attend and delayed in performing the necessary treatment causing plaintiff's decedent to sustain severe personal injury and his death on July 29, 2010." (Am. Compl. ¶ 37.)

On September 9, 2011, Plaintiff filed the original complaint in this case. (ECF No. 1.) Only the County Defendants were named in that complaint. (*Id.*) On April 20, 2012, Plaintiff filed an amended complaint, which names both the County and CCS Defendants. (ECF No. 12.) On January 7, 2013, Defendant CCS filed the instant motion. (ECF No. 20.) CCS argues that Plaintiff's claims against it should be dismissed with prejudice for failure to comply with the "affidavit of merit" requirement. Specifically, CCS argues that the affidavit of merit provided by Plaintiff is defective for two reasons: (1) the affidavits by Dr. Baden were not entered into under

oath; and (2) the affidavits of merit by Dr. Baden do not comply with the requirements of N.J.S.A. 2A:53A-41 as the treatment-at-issue is unrelated to pathology. (*Id.*) Both the County Defendants and Plaintiff have opposed the motion. (ECF Nos. 23 & 28.)

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *Iqbal*, 129 S.Ct. at 1950. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000).

### B. Analysis

#### 1. Certification

CCS' first ground for dismissal of the complaint is that the "affidavits" provided by Dr. Baden are not actually affidavits, but are certifications and therefore Plaintiff has not complied with the New Jersey Affidavit of Merit statute. The County Defendants and Plaintiff argue that pursuant to New Jersey case law and court rules, the certification provided by Dr. Baden is sufficient to meet the requirements of the statute.

3

The New Jersey Affidavit of Merit ("AOM") Statute is "substantive state law that must be applied by federal courts sitting in diversity." *Chamberlain v. Giampapa*, 210 F.3d 154, 161 (3d Cir. 2000). The AOM Statute provides, in relevant part:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices.

N.J.S.A. § 2A:53A-27. A "licensed person" includes physicians, and a failure to provide an AOM ordinarily results in dismissal of the complaint. N.J.S.A. § 2A:53A-26-27.

The overall purpose of the AOM Statute is "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious, in order that meritless lawsuits readily could be identified at an early stage of litigation." *Alan J. Cornblatt, P.A. v. Barow*, 708 A.2d 401 (N.J. 1998). To that end, the AOM Statute is "designed to weed out frivolous lawsuits at an early stage and to allow meritorious cases to go forward." *Galik v. Clara Maass Med. Ctr.*, 771 A.2d 1141, 1147 (N.J. 2001).

In *Cornblatt*, the New Jersey Supreme Court stated the following with regard to certifications:

> Thus, we recognize that, under certain circumstances, a certification could satisfy the purpose of the affidavit requirement as well as the general purpose of the statute. Those circumstances would also include at the very least the timely filing of a certification otherwise complying with all of the specifications for an affidavit of merit; an adequate and reasonable justification and a convincing explanation of just cause and excusable neglect for submitting a certification rather than an affidavit; and, further, that the adverse party was not prejudiced and obtained the requisite notice in that the certification contained the quality and level of information contemplated by the affidavit requirement. Further, a relevant circumstance would involve the plaintiff undertaking prompt measures to comply

fully with the statute, including specifically the filing of an affidavit or the agreement of an adversary that the certification provided fully meets the substantive requirements of the statute. We determine that under such circumstances, the statutory requirement for the affidavit of merit would be deemed to have been met by the initial filing of a certification instead of an affidavit of merit.

708 A.2d at 412.

Here, Plaintiff filed a timely certification which contained the following statement: "I hereby certify that the above statements made by me are true. I understand that if any of the statements made by me are willfully false, I am subject to punishment." (CCS' Br. Supp. Mot., Ex. D.) The certification also contained the substantive information necessary to demonstrate that Plaintiff's claim is not frivolous. CCS' motion to dismiss the complaint on the basis that it is a certification and not an affidavit is therefore denied.

## 2. Dr. Baden's Qualifications

In its second ground for dismissal, CCS argues that Dr. Baden is not qualified to render an expert opinion as to the treatment Mr. Bornstein received from CCS because "at the time of the occurrence and for at least a year prior, he was practicing as a pathologist. Said speciality [sic] would not involve the treatment-at-issue rendered by [CCS'] employees, including initial inmate medical evaluation, treatment for cuts or bruises, or dosage and administration of Ativan." (CCS' Br. Supp. Mot. 11.) In response, the County Defendants and Plaintiff argue that Dr. Baden is a forensic pathologist whose expertise is investigating sudden or suspicious deaths. Given the nature of the claims at issue, a pathologist is precisely the type of expert required in this case.

N.J.S.A. § 2A:53A–41 sets forth the relevant requirements for the qualifications of an expert:

In an action alleging medical malpractice, a person shall not give expert testimony or execute an affidavit pursuant to the provisions of P.L.1995, c. 139 (C.2A:53A-26 et seq.) on the appropriate standard of practice or care unless the person is licensed as a physician or other health care professional in the United States and meets the following criteria:

...

b. If the party against whom or on whose behalf the testimony is offered is a general practitioner, the expert witness, during the year immediately preceding the date of the occurrence that is the basis for the claim or action, shall have devoted a majority of his professional time to:

(1) active clinical practice as a general practitioner; or active clinical practice that encompasses the medical condition, or that includes performance of the procedure, that is the basis of the claim or action; or

(2) the instruction of students in an accredited medical school, health professional school, or accredited residency or clinical research program in the same health care profession in which the party against whom or on whose behalf the testimony is licensed; or

(3) both.

The purpose of the affidavit of merit is to weed out frivolous litigation, usually in cases where a plaintiff has been unable to retain an expert to support a malpractice claim. Here, there is an affidavit by physician indicating that there exists a "reasonable probability" that the treatment by CCS was "outside acceptable standards of practice." This is sufficient to show that the suit was not frivolously brought.

CCS argues that Dr. Baden is not an appropriate affiant because he was not engaged in active practice as a general practitioner or instructing students at a medical school during the year prior to the date of the occurrence, however, Dr. Baden was serving as a pathologist with the New York state police at the time of the occurrence. Since the issue of Plaintiff's death is at the heart of this matter, the Court will allow the case to move forward with discovery. If appropriate, and with the benefit of discovery, the parties may revisit the propriety of Plaintiff's

affidavit of merit in conjunction with summary judgment. *See Santiago v. Hudson Cnty.*, Civil Action No. 10-3059 (PGS), 2011 WL 1885411 (D.N.J. May 18, 2011); *Logue v. Capital Health Systems, Inc.*, Civil Action No. 12-3367 (MAS), 2013 WL 3288155 (D.N.J. June 28, 2013); *Jorden v. Glass*, Civil Action No. 09-1715 (JS), 2010 WL 786533 (D.N.J. Mar. 5, 2010).

## III. CONCLUSION

For the reasons stated above, Defendant CCS' motion to dismiss the complaint with prejudice is denied. An appropriate order follows.

Dated:

PETER G. SHERIDAN
United States District Court