UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ISRAEL BORNSTEIN, as ADMINISTRATOR OF THE ESTATE OF AMIT BORNSTEIN AND ISRAEL BORNSTEIN, individually. | : : : : | Civ. Action No.: 11- cv-05336 (PGS) |
| Plaintiff, | : : | MEMORANDUM OPINION AND ORDER |
| v. | : : : | |
| COUNTY OF MONMOUTH, et als., | : : : | |
| Defendants. | : : | |

This matter comes before the Court on a Motion by Defendants County of Monmouth, et als. (collectively, "Defendants") to seal certain materials [dkt. no. 121]; specifically, Exhibits H and I to Plaintiff's Certification in support of its Opposition to Defendants' Motion for Summary Judgment [dkt. no. 86].   Plaintiff Israel Bornstein ("Plaintiff"), along with intervening parties, CBS Broadcasting Inc. and American Civil Liberties Union of New Jersey (collectively, "Intervenors"), have opposed this Motion [dkt nos. 123, 127, 144].  For the reasons specified below, Defendants' Motion to Seal is **DENIED**.

## I.    LEGAL STANDARDS

Local Civil Rule 5.3 governs requests to seal documents filed with the Court. Under Rule 5.3(c)(2), a party seeking to seal documents must show "(a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interests which warrant the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not available." L. Civ. R. 5.3(c).

1

Additionally, where a party moves to seal pretrial motions of a "nondiscovery nature" the moving party must make a showing sufficient to overcome a "presumptive right of public access." See Leucadia v. Applied Extrusion Technologies, Inc., 998 F.2d 157, 164 (3d Cir.1993). To overcome this presumption, the moving party must demonstrate that "good cause" exists. Good cause exists when it "is demonstrated that disclosure will cause a clearly defined and serious injury." Glenmede Trust Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir.1994)).

To provide further clarity, the Third Circuit has set forth the following additional factors to consider in determining whether "good cause" exists:

(1) Whether disclosure will violate any privacy interests;

(2) Whether the information is being sought for a legitimate purpose or for an improper purpose;

(3) Whether disclosure of the information will cause a party embarrassment;

(4) Whether confidentiality is being sought over information important to public health and safety;

(5) Whether the sharing of information among litigants will promote fairness and efficiency;

(6) Whether a party benefitting from the order of confidentiality is a public entity or official; and

(7) Whether the case involves issues important to the public.

See Glenmede, 56 F. 3d at 483 (citing Pansy, 23 F.3d at 787-91) and Archbrook Laguna LLC v. New Age Elecs., Inc., No. 08-1421, 2008 U.S. Dist. LEXIS 61074, *5-8 (D.N.J. July 28, 2008).

## II.    DISCUSSION

Defendants seek to seal Exhibits H and I of Plaintiff's Certification in support of its Opposition to Defendants' Motion for Summary Judgment.  As an initial matter, the Court notes that both Exhibits were filed on January 17, 2014, without comment by Defendants, and were technically accessible to the public for four months prior to the Court's entry of a Temporary Sealing Order on May 14, 2014.  See dkt. no. 120.  Additionally, Defendants only sought to seal the Exhibits in response to a request by third parties to obtain copies of these Exhibits.  See Def.'s Brief at p. 5.

In accordance with the first factor set forth in the Local Rules, Defendants satisfactorily explain the nature of these Exhibits. L. Civ. R. 5.3(c)(2)(a). They note that the videos contain "security footage depicting Bornstein's time at MCCI".  See Def.'s Brief at p. 1.  Specifically, the "security footage recorded from July 29, 2010 depicts the uses of force which occurred in both the booking and constant watch areas of MCCI . . ." and "depicts MCCI's standard correctional officer response protocol involving use of force".  See Def.'s Brief at p. 4.

With respect to the second factor, however, Defendants have not demonstrated any "legitimate public or private interests which warrant the relief sought." L. Civ. R. 5.3(c)(2)(b). The Court, along with Intervenors, acknowledges that Defendants possess an important interest in maintaining the institutional security of MCCI.  However, Defendants have not shown that "the public dissemination of evidence such as the Bornstein security footage" would "compromise the Institution's security." See Def.'s Brief at p. 9.  Defendants' position is undermined by the fact that descriptions of the restricted areas shown in the footage are included throughout Plaintiff's Brief, along with details describing prison guard response movements. See Pl.'s Opp. Brief at pp. 4-19, 21-24.

3

Additionally, Defendants assert that they "possess an interest in restricting the public dissemination of any documents or evidence that would improperly influence potential jurors." See Def.'s Brief at p. 11. Defendants state that the security footage could be sensationalized by the media and that "the public, without the benefit of any context will only see a scuffle and a young naked man strapped to a chair." Id. at 13. However, the Court finds that Defendants' speculation as to the potential publicity of this case does not warrant the sealing of judicial records. The Supreme Court specifically addressed this issue, stating that "pretrial publicity even pervasive, adverse publicity does not inevitably lead to an unfair trial". See Nebraska Press Ass'n v. Stuart, 427 US 539, 554 (1991). Additionally, the Supreme Court noted that there are other less restrictive methods to deal with pretrial publicity, including change of venue, postponement of the trial, careful voir dire, emphatic jury instructions, and jury sequestration. Id. at 563-64.

Further, the Court notes that several of the factors weighing against sealing, such as the presence of public litigants, information concerning public safety, and litigation regarding important public issues, are present here. See Pansy, 23 F.3d at 787-89. Under the circumstances, Defendants have not shown a legitimate public or private interest which warrants the relief sought.

In addressing the third factor, Defendants have not adequately described a serious and clearly defined injury that would result if their Motion to seal is denied. L. Civ. R. 5.3(c)(2)(c). If the Motion is denied, Defendants contend, releasing the footage will "allow for potentially interested and violent parties to study the footage in order to potentially conduct an assault" on MCCI and that "members of the public that have family or friends confined in MCCI could evaluate the restricted areas and response movements of correctional officers to assist in a jailbreak." See Def.'s Brief at pp. 11-12. Third Circuit precedent has established that "vague and

4

speculative allegations . . . are insufficient to demonstrate the requisite injury and otherwise fail to show that the balance of relevant issues weigh in favor of confidentiality". See Yanick v. Temple Univ. Health Sys., 297 Fed. Appx. 111, 115 (3d. Cir 2008).

Defendants' reliance on Securimetrics, Inc. v. Iridian, Inc., 2006 U.S. Dist. LEXIS 22297, is misplaced. Defendants maintain that they have cited "specific examples or articulated reasoning how the disclosure . . . would cause harm." Id. at *5. However, in Securimetrics, Inc., the Court states that the moving party must "make a particularized showing of harm that *would* result" if the documents in question are publically accessible, rather than merely making "generalized allegations of harm that *might* occur if all the exhibits at issue were revealed". Id. at *7 (emphasis added). Here, Defendants have failed to identify the particularized harm that would result from the public disclosure of this security footage.

Finally, in analyzing the fourth factor in the Local Rules, the Court finds that Defendants have failed to demonstrate that there are no less restrictive alternatives to sealing the Exhibits. L. Civ. R. 5.3(c)(2)(d). Defendants contend that there is no way to "manipulate the evidence in a manner in which to segregate portions of the Bornstein security footage which are not of a sensitive/confidential nature from those that are not." See Def.'s Brief at p. 13. However, the "[t]he burden of justifying the confidentiality of each and every document . . ." remains on the moving party. See Pansy, 23 F.3d 786-87. Here, Defendants' only argument is that the video evidence is unlike a document because the Court cannot redact "specific confidential information" from different pages. This is not compelling on its own to show that there are no less restrictive alternatives to sealing both of these Exhibits in their entirety. Given the strong presumption of public access to Court records and the several factors weighing heavily against confidentiality, the Court denies Defendants' motion to seal Exhibits H and I.

Having reviewed the parties' written submissions, and having considered the matter pursuant to Fed. R. Civ. P. 78, and for the reasons stated above;

**IT IS** on this 27th day of August, 2014,

**ORDERED** that Defendants' Motion to Seal Exhibits H and I to Plaintiff's Certification in support of its Opposition to Defendants' Motion for Summary Judgment [dkt. no. 86] is **DENIED**.

**s/ Douglas E. Arpert**
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**