UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ISRAEL BORNSTEIN,

        Plaintiff,

v.

CNTY. OF MONMOUTH, et al.,

        Defendants.

Civil Action No.  11-5336 (PGS)

**MEMORANDUM ORDER**

This matter has come before the Court on Defendant Correct Care Solution's ("CCS") motion for reconsideration of the Court's September 25, 2013 Opinion and Order denying CCS' motion to dismiss the complaint (ECF No. 50) and a motion for summary judgment (ECF No. 57). The Court held oral argument in this matter on August 28, 2014.

It appearing that:

1. In both motions, Defendant CCS is seeking relief on essentially the same ground: As a board-certified pathologist, Plaintiff's expert, Dr. Baden, is not qualified to author an Affidavit of Merit or serve as an expert witness under N.J.S.A. 2A:53A-41.

2. More specifically, Defendant CCS argues that pursuant to recent New Jersey Supreme Court case law, *see Nicholas v. Mynster*, 213 N.J. 463 (2013), "when a physician is a specialist and the basis of the malpractice action 'involves' the physician's specialty, the challenging expert must practice in the same specialty." (Def. CCS' Mot. Summ. J. 12-13, ECF No. 57.)  CCS argues that Dr. Baden, a well-known pathologist, is not a sufficient expert, for either authoring an Affidavit of Merit or testifying at trial, because the treatment at issue does not involve pathology and the doctor involved with the treatment, Dr. Hashmi, is a board certified internist.  (Def. CCS' Mot. Recon. 7, ECF No. 50.)

2

3. In opposition to the motion for reconsideration, Plaintiff argues that a pathologist is a proper expert because "this case does not involve Dr. Hashmi's initial medical evaluation, decedent's treatment for cuts and bruises, and the administration of Ativan. It involves a complete disregard of the duties it undertook when it agreed to provide medical assistance to inmates, which resulted in decedent's death." (Pl.'s Recon. Opp'n 7, ECF No. 58.) Plaintiff argues in his opposition to the summary judgment motion that "this is not a medical malpractice case. The plaintiff's theory of liability against CCS was its deliberate indifference to the decedent's immediate medical needs." (Pl.'s Summ. J. Opp'n 16, ECF No. 87.)

4. Also in opposition, Defendants County of Monmouth, Monmouth County Sheriff's Office, Monmouth County Correctional Institution, Lt. Thomas Bollaro, Sgt. Kenneth Noland, Ofc. Tracey Tift, Ofc. Thomas Ricchiuti, Ofc. Timothy Huddy, Ofc. Daniel Hansson, Ofc. Raymond Paul, Ofc. Rick Lombardo, Ofc. Steven Young, Ofc. George Theis, Ofc. Donald Bennett, Ofc. Christopher Piney, Ofc. William Fancher, Ofc. Sara M. Sturt, Ofc. Jamielynn Roosbach, Ofc. Leo Hafner, Ofc. David Millard, and Sgt. Richard Vilacoba's (collectively referred to as the "County Defendants") argue that the "equivalency requirement" for medical malpractice expert testimony only applies to doctors and therefore even if the Court finds that he is not qualified to serve as an expert regarding Dr. Hashmi's actions, Dr. Baden is still qualified to serve as an expert regarding the nurses' actions. (County Defs.' Opp'n 16, ECF No. 84.)

5. CCS supplemented both motions with additional arguments after it conducted a deposition of Dr. Baden. (ECF Nos. 146, 147.) CCS further argued that during his deposition, Dr. Baden actually testified that he is not alleging deviations from the standard of care as to specific

3

individuals in this case and that he is not an expert in deviations as to the standard of care. (Def. CCS' Supp. Reply 2-3, ECF No. 146.)

6. In his supplemental opposition, Plaintiff again argued that "this is an action to recover damages for violations of 42 USC § 1983. The plaintiff's claims against CCS are that it was deliberately indifferent to the decedent's immediate needs [and] CCS has consistently mischaracterized plaintiff's action against it as simply one for medical negligence..." (Pl.'s Supp. Opp'n 1, ECF No. 152.)

7. At the outset, it is clear that Plaintiff's claims against Defendant CCS are for medical malpractice. The Court finds nothing in the Amended Complaint to indicate that Plaintiff raised any § 1983 claims against Defendant CCS.

8. With regard to Defendant CCS' motions for reconsideration and summary judgment, the Court will deny both without prejudice. Based on the current record, the Court is unwilling to find that Dr. Baden is an insufficient expert pursuant under N.J.S.A. 2A:53A-41. The Court will instead permit Defendant CCS to raise his arguments regarding the appropriateness of Dr. Baden serving as an expert witness pursuant to N.J.S.A. 2A:53A-41, via a motion in limine. At that time, should the Court determine that Dr. Baden is not an appropriate expert, Defendant CCS will be permitted to renew its motion to dismiss and/or summary judgment.

IT IS THEREFORE on this 25 day of September, 2014,

ORDERED that Defendant CCS' motion for reconsideration of the Court's September 25, 2013 Opinion and Order denying CCS' motion to dismiss the complaint (ECF No. 50) and motion for summary judgment (ECF No. 57) are hereby DENIED without prejudice.

Peter G. Sheridan, U.S.D.J.