NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAEL BORNSTEIN, individually and as administrator of the estate of Amit Bornstein,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONMOUTH, et al.,<br><br>Defendants. | Civ. No. 11-5336<br><br>**MEMORANDUM ORDER** |

THOMPSON, U.S.D.J.

On December 20, 2013, Defendant Correct Care Solutions, LLC ("CCS") filed a motion to limit Plaintiff's Expert Martin F. Horn from testifying against Defendant and its medical personnel. (Doc. No. 80). Plaintiff opposes the motion. (Doc. No. 102). Upon review of the parties' written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78(b), the Court will grant Defendant's motion, in light of the following:

(1) New Jersey's Patients First Act, N.J.S.A. § 2A:53A-41, states that "In an action alleging medical malpractice, a person shall not give expert testimony . . . on the appropriate standard of practice or care unless the person is licensed as a physician or other health care professional in the United States . . . ."

(2) Counts Five, Six, and Seven of Plaintiff's Amended Complaint (Doc. No. 12) are asserted against CCS and appear to be medical malpractice claims, with no mention of 42 U.S.C. § 1983 or other asserted violations of Plaintiff's constitutional or civil

1

rights.[1] (*See* Doc. No. 160, Memorandum Order of Judge Sheridan, at 3, stating "it is clear that Plaintiff's claims against Defendant CCS are for medical malpractice. The Court finds nothing in the Amended Complaint to indicate that Plaintiff raised any § 1983 claims against Defendant CCS.")

(3) Plaintiff's Expert Martin F. Horn is not a licensed physician or health care professional. (Doc. No. 80, Exhibit B, Curriculum Vitae of Martin F. Horn).

(4) Mr. Horn's Report includes standard of care testimony assessing the nature of medical care that the deceased Mr. Bornstein received from CCS. (Doc. No. 80, Exhibit A, at 8).

Accordingly,

IT IS, on this 14th day of November, 2014

ORDERED that the Motion of Defendant Correct Care Solutions, LLC to limit the testimony of Plaintiff's Expert Martin F. Horn is GRANTED;[2] and it is further

ORDERED that, pursuant to New Jersey's Patients First Act, N.J.S.A. § 2A:53A-41, Mr. Horn shall be barred from offering expert testimony at trial against CCS or its personnel that consists of improper standard of care opinions by a non-health care professional in an action alleging medical malpractice.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

---

[1] Although Plaintiff's Amended Complaint Counts One through Four assert claims under 42 U.S.C. § 1983, they are only asserted against the Monmouth County Defendants, not CCS.
[2] The Court notes that Plaintiff, in his Opposition brief, concedes that "[i]f this was an action for medical malpractice CSS's argument would have merit." (Doc. No. 102 at 6).