UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ISRAEL BORNSTEIN | : |
| Plaintiff, | Civil Action No. 11-5336 (AET)(DEA) |
| v. | **MEMORANDUM OPINION AND ORDER** |
| COUNTY OF MONMOUTH, *et al.*, | |
| Defendants. | |

ARPERT, Magistrate Judge

This matter comes before the Court on a Motion by Plaintiff seeking leave to file a Second Amended Complaint to assert additional claims against Defendant Correct Care Solutions LLC ("CCS") [Dkt. 201]. CCS opposes Plaintiff's Motion [Dkt. No. 207]. For the reasons set forth below, Plaintiff's Motion for leave to file a Second Amended Complaint is DENIED.

I.  BACKGROUND

The parties are intimately familiar with the facts and procedural history of this matter. Accordingly, the Court will not recite them at length. Plaintiff's Amended Complaint alleges that Defendants are responsible for the death of Amit Bornstein, who died while in incarcerated in the Monmouth County Jail on July 29, 2010. According to the Amended Complaint, after Mr. Bornstein was arrested and brought to the Monmouth County Correctional Institution, he was "assaulted and battered [by the County Defendants] . . . resulting in his death." Am. Compl. at ¶ 9. The Amended Complaint further alleges that CCS "did not use reasonable or proper skill in their efforts to cure [P]laintiff's decedent of such ailment in that they negligently and carelessly

1

failed to treat, attend and delayed in performing the necessary treatment causing [P]laintiff's decedent to sustain severe personal injury and his death on July 29, 2010." Am. Compl. ¶ 37.

Plaintiff's Complaint was filed on September 9, 2011 [Dkt. No. 1] and Plaintiff filed an Amended Complaint on April 20, 2012 [Dkt. No. 12]. The Joint Final Pretrial was entered on January 7, 2015, and trial was scheduled to begin on February 2, 2015. *See* Dkt. No. 177. On January 28, 2015, the trial was rescheduled to February 17, 2015. On January 29, 2015, Plaintiff moved for leave to amend his Complaint.

## II.   DISCUSSION

Pursuant to Federal Rule of Civil Procedure 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires." The decision to grant leave to amend rests within the sound discretion of the trial court. *Zenith Radio Corp. v. Hazeltine Research Inc.,* 401 U.S. 321, 330 (1970). In determining a motion for leave to amend, courts consider the following factors: (1) undue delay on the part of the party seeking to amend; (2) bad faith or dilatory motive behind the amendment; (3) repeated failure to cure deficiencies through multiple prior amendments; (4) undue prejudice on the opposing party; and/or (5) futility of the amendment. *See Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

While the Third Circuit has emphasized the liberal approach to pleading in Rule 15, a court may deny a motion to amend in certain circumstances. *Omogbehin v. Cino*, 485 F. App'x 606, 611-12 (3d Cir. 2012). "Delay alone will not constitute grounds for denial." *Bjorgung v. Whitetail Resort, LP,* 550 F.3d 263, 266 (3d Cir. 2008). However, if the delay is "undue, motivated by bad faith, or prejudicial to the opposing party," the motion to amend may be properly denied. *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 803 (3d Cir. 2010)

(quoting *Bjorgung,* 550 F.3d at 266). Delay in seeking leave to amend is undue if it places an "unwarranted burden on the court or when the plaintiff has had previous opportunities to amend." *Id.* Whether the opponent suffered prejudice, or would have suffered prejudice, from the delay is not dispositive. *See id.* ("Irrespective of whether Appellees would have suffered prejudice from [Appellant's] late assertion of a First Amendment claim, [Appellant's] delay in seeking leave to amend was undue."). Accordingly, the Third Circuit has instructed courts to "focus on the movant's reasons for not amending sooner, and . . . balance these reasons against the burden of delay on the District Court." *Omogbehin,* 485 F. App'x at 611-12 (citing *Bjorgung,* 550 F.3d at 266).

Considering the history of this case, the Court finds that the burden of delay on the Court and the opposing parties far outweighs any justification for failing to move to add the asserted claims during the lengthy pendency of this matter. Plaintiff's Motion to amend claims that:

> "[f]rom the inception of this litigation it has always been [Plaintiff's] position that CCS is liable under 42 U.S.C. § 1983 based on its deliberate indifference to the decedent's immediate medical needs."

Dkt. No. 201 at p. 7. However, at no point during the more than three years between the Complaint's initial filing on September 9, 2011, and the entry of the Joint Final Pretial Order on January 7, 2015, did Plaintiff move to amend the Complaint to assert these additional claims against CCS.[1]

Furthermore, on at least two separate and distinct occasions, the Court specifically mentioned that Plaintiff's Amended Complaint did not allege the claims Plaintiff now seeks to

---

[1] In fact, CCS was not added as a Defendant in this matter until April 20, 2012. *See* Dkt. No. 12. Plaintiff's Motion to amend the Complaint to add CCS as a Defendant did not include any mention of the claims Plaintiff now seeks to assert.

3

assert against CCS. On September 25, 2014, the Court entered an Order denying two Motions filed by CCS.[2] In reference to Plaintiff's claims against CSS, the Court's Order states:

> "At the outset, it is clear that Plaintiff's claims against Defendant CCS are for medical malpractice. The Court finds nothing in the Amended Complaint to indicate that Plaintiff raised any § 1983 claims against Defendant CCS."

Dkt. No. 160 at ¶ 7. Plaintiff did not move for reconsideration or appeal the Court's Order.[3] Subsequently, on November 14, 2014, the Court entered a Memorandum Opinion and Order, which noted:

> "Although Plaintiff's Amended Complaint Counts One through Four assert claims under U.S.C. § 1983, they are only asserted against the Monmouth County Defendant, not CCS."

Dkt. No. 171 at p. 2. Plaintiff again did not move for reconsideration or appeal the Court's Order. In light of the Court's repeated identification of Plaintiff's failure to allege the claims he now seeks to add, the Court questions the veracity of Plaintiff's assertion that he made his intention to plead § 1983 claims against CSS "crystal clear." Dkt. No. 201 at p. 21.

Despite the Court's repeated and specific mention that Plaintiff had failed to allege claims under § 1983 against CSS and Plaintiff's ample opportunity to move to amend the Complaint throughout the extended pendency of this case, Plaintiff did not move to amend his Complaint until less than three weeks before the trial of this matter was scheduled to begin. Not only was Plaintiff's request made at the eleventh hour, but Plaintiff has failed to present any reason for the delay in moving to amend beyond the questionable assertion that the allegations in

---

[2] The Court's September 25, 2014 Order denied CSS' Motion for reconsideration of the Court's Order denying CSS' Motion to Dismiss Plaintiff's Complaint and denied CSS' Motion for Summary Judgment.

[3] In his Motion to amend, Plaintiff also seeks reconsideration of the Court's September 25, 2014 Order. Local Civil Rule 7.1(i) governs Motions for reconsideration and states that "a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." Plaintiff's purported Motion for reconsideration was filed more than a year after the entry of the Order Plaintiff now asks the Court to reconsider, which is well outside the 14 day deadline in L. Civ. R. 7.1(i).

the Amended Complaint "put CSS on notice of the [§ 1983] claims against them" and therefore these claims should now be formally added to the Complaint. Dkt. No. at p. 7.

Plaintiff's non-existent justification for failing to amend sooner is far outweighed by the substantial burden the Court and CCS would suffer in letting Plaintiff amend his Complaint at this late juncture. When Plaintiff's Motion to amend was filed, discovery is this matter had concluded, the Joint Final Pretrial Order had been entered and trial was scheduled to begin in less than three weeks. Accordingly, because the Court finds that the burden imposed by Plaintiff's untimely request clearly and substantially outweighs Plaintiff's stated reasons for failing to move to amend sooner, Plaintiff's Motion for leave to file a Second Amended Complaint is DENIED.

### III. CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth above;

**IT IS** on this 9th day of March, 2015,

**ORDERED** that Plaintiff's Motion for leave to file a Second Amended Complaint [Dkt. No. 201] is **DENIED**.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge